UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| STATE OF LOUISIANA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> *Defendant*. | Case No. 2:24-cv-629 |
| UNITED STATES CONFERENCE OF CATHOLIC BISHOPS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et al.*, <br><br> *Defendants*. | Case No. 2:24-cv-691 |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME
TO RESPOND TO COMPLAINTS**

Defendants respectfully request that their deadlines for responding to the Complaints in the consolidated above-captioned matters be extended until August 30, 2024, which is fourteen days after any notice of appeal would need to be filed from this Court's preliminary-injunction order in the above cases. Defendants believe this approach would be most efficient for both the parties' and the Court's resources, as discussed further below.

Currently, Defendants' deadlines for responding to the complaints in *Louisiana* and *USCCB* are bifurcated: the response to the *Louisiana* Complaint is due on July 16, 2024, and the response to

the *USCCB* Complaint is due on July 29, 2024.[1] Additionally, the deadline for Defendants to file any notice of appeal from the preliminary-injunction order, issued on June 17, 2024, *see* ECF No. 47, is August 16, 2024.[2] *See* Fed. R. App. P. 4(a)(1)(B). Authorization for the United States to appeal must be determined by the Solicitor General. *See* 28 C.F.R. § 0.20(b). Separately, the deadline for Defendants to file any motion to alter or amend the judgment with respect to the preliminary-injunction order is July 15, 2024. *See* Fed. R. Civ. P. 59(e).

Defendants are currently evaluating this Court's preliminary-injunction order and determining whether to seek relief from that order, either from this Court or the Court of Appeals. Extending the deadline until after the current appeal deadline would therefore preserve the parties' and the Court's resources. In particular, if Defendants were to respond to the Complaints, they would likely respond with Rule 12 motions to dismiss. Given the potential for further proceedings regarding this Court's preliminary-injunction order, however, it would be inefficient to engage in such motion to dismiss litigation prior to any potential appeal or other motion practice regarding this Court's preliminary-injunction order. The need for motion to dismiss litigation (or other pretrial proceedings) could be obviated, or at least affected, by any appeal addressing Plaintiffs' claims. Thus, to the extent Defendants elect to appeal the preliminary-injunction order, any briefing and ruling on the motion to dismiss may need to be reconsidered in light of that future appellate decision, which would be an inefficient manner of proceeding.

Extending Defendants' response deadline until August 30, 2024, allows for time to obtain greater clarity regarding future proceedings as to the preliminary-injunction order, while also allowing the parties to meet-and-confer regarding the best path forward for the case, consistent with this Court's requirement to file requests for continuances at least fourteen days prior to the deadline. Thus, this short extension of the deadline for responding to the Complaints conserves judicial resources.

---

[1] The United States is afforded 60 days to respond to the Complaint after service on the United States Attorney, *see* Fed. R. Civ. P. 12(a)(2); *see also Louisiana,* ECF No. 10 at 2 (reflecting service on the United States Attorney on May 17, 2024); *USCCB*, ECF No. 54 at 2 (reflecting service on the United States Attorney on May 29, 2024).

[2] All ECF Nos. refer to the docket in *Louisiana*, unless otherwise described.

Finally, putting the response deadlines on the same timeline adheres to the spirit of the Court's consolidation order by aligning any motion practice that occurs. *See* ECF No. 49.

Defendants' counsel conferred with Plaintiffs' counsel in both cases regarding this request. Plaintiffs consent to an extension of the response deadline in *Louisiana* until July 29, 2024, to align the two deadlines, but do not consent to extending both deadlines to August 30, 2024. Defendants nonetheless respectfully submit that an extension until August 30 is warranted, especially given that Plaintiffs will not suffer any prejudice by this extension while the preliminary injunction remains in effect. To the extent the Court is not inclined to extend both deadlines until August 30, however, Defendants respectfully submit that an extension of the *Louisiana* deadline until July 29, 2024, is warranted consistent with Plaintiffs' position.

Dated: July 2, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

EMILY B. NESTLER
Assistant Branch Director

DANIEL SCHWEI
Special Counsel

/s/ Alexandra Widas
LAURA B. BAKST (D.C. Bar #1782054)
ALEXANDRA WIDAS (D.C. Bar #1645372)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 616-8472
Facsimile: (202) 616-8460
Email: alexandra.j.widas@usdoj.gov

*Counsel for Defendants*

3