IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> *Defendant.* | No. 2:24-cv-629-DCJ-TPL <br><br> Judge David C. Joseph <br><br> Magistrate Judge Thomas P. LeBlanc |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES CONFERENCE OF CATHOLIC BISHOPS, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., <br><br> *Defendants.* | No. 2:24-cv-691-DCJ-TPL <br><br> Judge David C. Joseph <br><br> Magistrate Judge Thomas P. LeBlanc |

**BISHOPS PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT AND PERMANENT INJUNCTION**

The Bishops respectfully submit this notice regarding *Alliance for Fair Board Recruitment v. SEC*, 125 F.4th 159 (5th Cir. Dec. 11, 2024) (en banc). There, the en banc Fifth Circuit held that several SEC-approved rules requiring NASDAQ-listed public companies to disclose diversity statistics for their directors violated, among other things, the major questions doctrine. *See id.* at 181-84.

1

The Fifth Circuit explained that these rules implicated a major question of political significance because they "came in response to 'the social justice movement,' as an attempt to increase 'diversity and inclusion' across 'public companies.'" *Id.* at 181. Although SEC tried to downplay the effects and significance of its rules, *see id.* at 184, the Fifth Circuit could "think of few more politically divisive issues in the Nation." *Id.* at 181. Moreover, by regulating "diversity in the workplace," the SEC had impermissibly "intrude[d] into an area that is the particular domain of state law." *Id.* at 182. SEC failed to identify any "clear authorization" in the Exchange Act for this action, so for these reasons and others, the court invalidated the rules. *Id.* at 183.

Likewise, in this case, EEOC's Final Rule implicates a major question by regulating both abortion and the internal governance of religious organizations. *See* ECF 77-1 at 13-17. Although EEOC, like SEC, has tried to downplay the political significance of the Final Rule by arguing it has only a tangential relation to broader abortion debates, *see* ECF 81 at 25, abortion remains one of the most (if not *the* most) "politically divisive issues in the Nation." *Alliance*, 125 F.4th at 181; *see also* ECF 77-1 at 14. And, particularly after the Supreme Court "return[ed] the power to weigh" arguments about abortion to "the people and their elected representatives" and to "the States" in particular, *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215, 259 (2022), EEOC's abortion mandate intrudes on the regulatory province of the States, independently triggering the major questions doctrine. *Alliance*, 181 F.4th at 182. Likewise, the Final Rule improperly intrudes on internal religious decisionmaking by forcing religious institutions to provide abortion accommodations in violation of longstanding church teachings. *See* ECF 77-1 at 14-16; ECF 90 at 6-7. This transgresses the important structural limitations barring the state from interfering with internal matters of faith and doctrine, which once again triggers the major questions doctrine. *See* ECF 77-1 at 14-16; ECF 90 at 6-7.

Just as the SEC could not find anything in the text of the Exchange Act to support its claim of clear congressional authorization, EEOC cannot identify anything in the PWFA that clearly authorizes the abortion-accommodation mandate.

|  |  |
|---|---|
| Jonathan Berry<br>  (W.D. La. Temporary Bar No. 918121)<br>James R. Conde<br>  (W.D. La. Temporary Bar No. 918116)<br>Boyden Gray PLLC<br>800 Connecticut Ave. NW, Suite 900<br>Washington, DC 20006<br>Phone: (202) 955-0620<br>Fax: (202) 955-0621<br>jberry@boydengray.com | Respectfully submitted,<br><br>/s/ Daniel H. Blomberg<br>Daniel H. Blomberg<br>  (W.D. La. Temporary Bar No. 918117)<br>  *Trial Attorney*<br><br>/s/ Michael J. O'Brien<br>Michael J. O'Brien<br>  (LA Bar No. 38852)<br>Laura Wolk Slavis<br>  (W.D. La. Temporary Bar No. 918118)<br>Andrea R. Butler<br>  (W.D. La. Temporary Bar No. 918119)<br>Jordan T. Varberg<br>  (W.D. La. Temporary Bar No. 918120)<br>The Becket Fund for Religious Liberty<br>1919 Pennsylvania Ave. NW, Suite 400<br>Washington, DC 20006<br>Phone: (202) 955-0095<br>Fax: (202) 955-0090<br>dblomberg@becketfund.org |

*Counsel for Bishops Plaintiffs*

Dated: February 5, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2025, the foregoing was served on counsel for all parties via the Court's CM/ECF system.

/s/ Daniel H. Blomberg
Daniel H. Blomberg
 (W.D. La. Temporary Bar No. 918117)
 *Trial Attorney*

/s/ Michael J. O'Brien
Michael J. O'Brien
 (LA Bar No. 38852)

Dated: February 5, 2025