IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>*Defendant.* | No. 2:24-cv-629-DCJ-TPL<br><br>Judge David C. Joseph<br><br>Magistrate Judge Thomas P. LeBlanc |

*************************************************************************

| | |
|---|---|
| UNITED STATES CONFERENCE OF CATHOLIC BISHOPS, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.,<br><br>*Defendants.* | No. 2:24-cv-691-DCJ-TPL<br><br>Judge David C. Joseph<br><br>Magistrate Judge Thomas P. LeBlanc |

**BISHOPS PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT
AND PERMANENT INJUNCTION**

The Bishops respectfully submit this notice regarding *Missouri v. Trump*, No. 24-2332, 2025 WL 518130 (8th Cir. Feb. 18, 2025). There, the Eighth Circuit held that a Department of Education rule, promulgated under President Biden, likely exceeded the Department's authority. *See id*. at *1. And on the scope of relief, the Eighth Circuit concluded that the district court had "erred by not enjoining the entire rule" and remanded "with instructions to modify the injunction" to provide complete relief. *Id.*

1

The Eighth Circuit explained that the Department's rule exceeded the authority granted by the plain text of the authorizing statute. *See id.* at *7-9. While the statute granted the Secretary of Education authority to craft rules that created flexibility in repayment plans, it said nothing about forgiving those loans outright. *See id.* The "major questions doctrine inform[ed]" the court's "analysis"—"Congress would have provided clear signs if it authorized such significant power to the Secretary." *Id.* at 10. Because Congress had not done so, the Department had exceeded its authority. *See id.* Moreover, leaving the question to vagaries on how "a new secretary [might] exercise his discretion," which "may change … year-to-year and election-to-election," would "leav[e] [regulated parties] in a state of uncertainty" inconsistent with Congress's statutory plan. *Id.* at 10 n.4 (quoting *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 433-34 (2024) (Gorsuch, J., concurring)).

Citing the Fifth Circuit's opinion in *Data Marketing Partnership v. Department of Labor*, 45 F.4th 846 (5th Cir. 2022), the Eighth Circuit then explained that "the default remedy" for a rule that violates the Administrative Procedure Act "is to set aside or vacate the rule" in its entirety. *Missouri*, 2025 WL 518130, at *11. The court accordingly ordered that the entire rule be preliminarily enjoined. *Id.* at *12. And because "federal officials resuscitated" unlawful aspects of the enjoined rule by reliance on a *different* rule, the Eighth Circuit found the "injunction should be broadened" to prevent that end-around. *Id.*

Likewise, in this case, EEOC's Final Rule violates both the plain text of the Pregnant Workers Fairness Act and the major questions doctrine by imposing an abortion accommodation mandate and by depriving religious employers of an explicit religious exemption. *See* ECF 77-1 at 8-11, 13-17; ECF 90 at 6-7. And, just as the Eighth Circuit agreed, this Court should employ "the default remedy," *Missouri*, 2025 WL 518130, at *11, to vacate the Final Rule's abortion accommodation mandate and to provide appropriately complete injunctive relief, including restoring the full scope of Congress's express religious exemption. *See* ECF 83 at 33-35; ECF 90 at 19-20.

<div style="display: flex;">

<div>
Jonathan Berry
  (W.D. La. Temporary Bar No. 918121)
James R. Conde
  (W.D. La. Temporary Bar No. 918116)
Boyden Gray PLLC
800 Connecticut Ave. NW, Suite 900
Washington, DC 20006
Phone: (202) 955-0620
Fax: (202) 955-0621
jberry@boydengray.com
</div>

<div>
Respectfully submitted,

/s/ Daniel H. Blomberg
Daniel H. Blomberg
  (W.D. La. Temporary Bar No. 918117)
*Trial Attorney*

/s/ Michael J. O'Brien
Michael J. O'Brien
  (LA Bar No. 38852)
Laura Wolk Slavis
  (W.D. La. Temporary Bar No. 918118)
Andrea R. Butler
  (W.D. La. Temporary Bar No. 918119)
Jordan T. Varberg
  (W.D. La. Temporary Bar No. 918120)
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
Phone: (202) 955-0095
Fax: (202) 955-0090
dblomberg@becketfund.org
</div>

</div>

*Counsel for Bishops Plaintiffs*

Dated: February 20, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2025, the foregoing was served on counsel for all parties via the Court's CM/ECF system.

<div style="text-align: right;">

/s/ Daniel H. Blomberg
Daniel H. Blomberg
  (W.D. La. Temporary Bar No. 918117)
  *Trial Attorney*

/s/ Michael J. O'Brien
Michael J. O'Brien
  (LA Bar No. 38852)

</div>

Dated: February 20, 2025