### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, et al., *Plaintiffs,* v. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *Defendant.* | No. 2:24-cv-629-DCJ-TPL<br><br>Judge David C. Joseph<br><br>Magistrate Judge Thomas P. LeBlanc |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES CONFERENCE OF CATHOLIC BISHOPS, et al., *Plaintiffs,* v. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., *Defendants.* | No. 2:24-cv-691-DCJ-TPL<br><br>Judge David C. Joseph<br><br>Magistrate Judge Thomas P. LeBlanc |

### BISHOPS PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT AND PERMANENT INJUNCTION

The Bishops respectfully submit this notice regarding *Stanley M. Herzog Foundation v. EEOC*, No. 4:24-cv-651 (W.D. Mo. Mar. 18, 2025), attached as Exhibit A. *Herzog* involves parallel litigation challenging the PWFA Final Rule's abortion-accommodation mandate as violating the Administrative Procedure Act, the Religious Freedom Restoration Act, and the First Amendment. The court held that plaintiff had standing and enjoined EEOC from enforcing the mandate against plaintiff or issuing any related notices of right to sue to its employees. Op.22 & n.16.

1

EEOC suggested that Acting Chair Lucas's "inten[t] to revisit the Final Rule once the EEOC regains a quorum" meant plaintiff could not show standing. Op.10. Disagreeing, *Herzog* held that EEOC's lack of quorum meant that it "*cannot* disavow enforcement or act to change the Final Rule," Op.10 (emphasis added), that EEOC "makes no representation as to the EEOC's ability or obligation to investigate charges filed by employees or to issue right to sue letters," Op.13 n.9, and that EEOC had recently refused to enter a non-enforcement agreement with plaintiff, Op.16 n.11. Further, citing this Court, *Herzog* recognized that the Final Rule's narrow construction of the PWFA's statutory exemption denied "an up-front exemption from investigation and prosecution," which placed a burden on plaintiff's religious exercise. Op.8-9. Thus, plaintiff had pre-enforcement standing because the Final Rule threatened plaintiff's employment policies that are "inherently linked to its religious convictions and are thus affected with a constitutional interest," and plaintiff faced a credible threat of enforcement. Op.7-10. This is equally true for the Bishops. USCCB.MSJ.Resp.3-4; Kunkel.Resp.Decl. ¶¶ 54-56; Ridderhoff.Resp.Decl. ¶¶ 28-35; Brown.Reply.Decl. ¶¶ 26-31; Caraway.Resp.Decl. ¶¶ 10-15; Fontenot.Resp.Decl. ¶¶ 10-15.

Moreover, *Herzog* had no trouble concluding plaintiff's compliance costs of "revising company policies and implementing training programs" were "sufficient to establish injury-in-fact" to adjudicate plaintiff's claims, including its non-APA claims. Op.6-7; *see also* Op.12-13 (noting that "apart from" those "costs of compliance," the requirement to change internal policies on abortion also burdened plaintiff's "religious beliefs"). The Bishops' similar compliance costs likewise establish standing, as does the attendant burden on their religious exercise and speech. USCCB.MSJ.Resp.2-3 (citing *Braidwood Mgmt. v. EEOC*, 70 F.4th 914, 924-25 (5th Cir. 2023)); Ridderhoff.Resp.Decl. ¶¶ 37-40; Brown.Reply.Decl. ¶¶ 32-36; Caraway.Resp.Decl. ¶¶ 16-24; Fontenot.Resp.Decl. ¶¶ 16-19.

Finally, *Herzog* also illustrates the importance of resolving the proper scope of PWFA's statutory religious exemption. *Herzog* correctly acknowledged that under EEOC's narrow interpretation, employers will be "pressure[d] to comply with the Final Rule to the extent that they must accommodate employees who obtain abortions or risk investigation and prosecution" through

EEOC's "case-by-case standard." Op.9 & n.7. That is equally true for other sincere religious objections, including the Catholic Church's objections to accommodating IVF and certain sterilization procedures, Kunkel.Resp.Decl. ¶¶ 23-29, which are not currently protected by an injunction. And resolving the scope of the statutory exemption would not only protect such objections but would also, as *Herzog* noted, easily answer any ensuing strict scrutiny analysis reached by this Court, since it would at a minimum show the Final Rule did not utilize the less-restrictive approach baked into the PWFA itself. Op.18 n.12.

<div style="display: flex;">

<div>

Jonathan Berry
  (W.D. La. Temporary Bar No. 918121)
James R. Conde
  (W.D. La. Temporary Bar No. 918116)
Boyden Gray PLLC
800 Connecticut Ave. NW, Suite 900
Washington, DC 20006
Phone: (202) 955-0620
Fax: (202) 955-0621
jberry@boydengray.com

</div>

<div>

Respectfully submitted,

/s/ Daniel H. Blomberg
Daniel H. Blomberg
  (W.D. La. Temporary Bar No. 918117)
  *Trial Attorney*

/s/ Michael J. O'Brien
Michael J. O'Brien
  (LA Bar No. 38852)
Laura Wolk Slavis
  (W.D. La. Temporary Bar No. 918118)
Andrea R. Butler
  (W.D. La. Temporary Bar No. 918119)
Jordan T. Varberg
  (W.D. La. Temporary Bar No. 918120)
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
Phone: (202) 955-0095
Fax: (202) 955-0090
dblomberg@becketfund.org

</div>

</div>

*Counsel for Bishops Plaintiffs*

Dated: March 28, 2025

3

## CERTIFICATE OF SERVICE

    I hereby certify that on March 28, 2025, the foregoing was served on counsel for all parties via the Court's CM/ECF system.

<div align="right">

/s/ Daniel H. Blomberg
Daniel H. Blomberg
  (W.D. La. Temporary Bar No. 918117)
*Trial Attorney*

/s/ Michael J. O'Brien
Michael J. O'Brien
  (LA Bar No. 38852)

</div>

Dated: March 28, 2025