UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **THE STATE OF LOUISIANA, ET AL** | **CIVIL DOCKET NO. 2:24-cv-00629** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **MAGISTRATE JUDGE THOMAS P. LEBLANC** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **UNITED STATES CONFERENCE OF CATHOLIC BISHOPS, ET AL** | **CIVIL DOCKET NO. 2:24-cv-00691** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ET AL** | **MAGISTRATE JUDGE THOMAS P. LEBLANC** |

## **FRCP 54(b) PARTIAL FINAL JUDGMENT**

Pursuant to FRCP 54(b), and in accordance with the Court's Memorandum Orders filed this date in the above-captioned matters, [Doc. 107, *State of Louisiana, et al v. EEOC*, No. 2:24-cv-00629-DCJ-TPL] [Doc. 113, *United States Conference of Catholic Bishops, et al v. EEOC, et al*, No. 2:24-cv-00691-DCJ-TPL],

IT IS HEREBY ORDERED that the MOTION FOR SUMMARY JUDGMENT [Doc. 70] filed by the *States* Plaintiffs in the matter entitled *State of Louisiana, et al v. EEOC*, No. 2:24-cv-00629-DCJ-TPL, and the MOTION FOR PARTIAL SUMMARY JUDGMENT AND PERMANENT INJUNCTION [Doc. 77] filed by the *Bishops* Plaintiffs in the matter entitled *United States Conference of Catholic Bishops, et al v. EEOC, et al*,

No. 2:24-cv-00691-DCJ-TPL, are hereby GRANTED IN PART, and the following provision of the Final Rule, to the extent that it includes "abortion" as a "related medical condition" of pregnancy and childbirth, is hereby VACATED:

29 C.F.R. 1636.3(b) defines "related medical conditions" as follows:

(b) **Pregnancy, childbirth, or related medical conditions.** "Pregnancy" and "childbirth" refer to the pregnancy or childbirth of the specific employee in question and include, but are not limited to, current pregnancy; past pregnancy; potential or intended pregnancy (which can include infertility, fertility treatment, and the use of contraception); labor; and childbirth (including vaginal and cesarean delivery). "Related medical conditions" are medical conditions relating to the pregnancy or childbirth of the specific employee in question. The following are examples of conditions that are, or may be, "related medical conditions": **termination of pregnancy, including via miscarriage, stillbirth, or abortion**; ectopic pregnancy; preterm labor; pelvic prolapse; nerve injuries; cesarean or perineal wound infection; maternal cardiometabolic disease; gestational diabetes; preeclampsia; HELLP (hemolysis, elevated liver enzymes and low platelets) syndrome; hyperemesis gravidarum; anemia; endometriosis; sciatica; lumbar lordosis; carpal tunnel syndrome; chronic migraines; dehydration; hemorrhoids; nausea or vomiting; edema of the legs, ankles, feet, or fingers; high blood pressure; infection; antenatal (during pregnancy) anxiety, depression, or psychosis; postpartum depression, anxiety, or psychosis; frequent urination; incontinence; loss of balance; vision changes; varicose veins; changes in hormone levels; vaginal bleeding; menstruation; and lactation and conditions related to lactation, such as low milk supply, engorgement, plugged ducts, mastitis, or fungal infections. This list is non-exhaustive.

29 C.F.R. § 1636.3(b) (emphasis added).

IT IS FURTHER ORDERED that any Implementing Regulations or Guidance that are inconsistent with this Order, that is, to the extent that they require or suggest to employers that they are required to provide employees with accommodation for purely elective abortions that are not necessary to treat a medical

condition related to pregnancy,[1] are also hereby VACATED and immediately without effect.

IT IS FURTHER ORDERED that the Court finds no just reason for delaying entry of final judgment on the partial vacatur and remand ordered herein, and that this Judgment therefore constitutes a FRCP 54(b) partial final and appealable judgment. The FINAL RULE is therefore REMANDED to the EEOC for action consistent with the Court's findings. The Court retains jurisdiction over all remaining claims and issues not resolved by this Judgment.

THUS, DONE AND SIGNED in Chambers on this 21st day of May 2025.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

[1] To avoid any uncertainty, terminations of pregnancy or abortions stemming from the underlying treatment of a medical condition related to pregnancy are not affected by this Order. Such procedures are clearly "related to, affected by, or arising out of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000gg(4). Covered employers are therefore required to provide accommodation to the extent set forth in the PWFA.