IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, et al., *Plaintiffs,* v. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *Defendant.* | No. 2:24-cv-629-DCJ-TPL  Judge David C. Joseph  Magistrate Judge Thomas P. LeBlanc |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES CONFERENCE OF CATHOLIC BISHOPS, et al., *Plaintiffs,* v. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., *Defendants.* | No. 2:24-cv-691-DCJ-TPL  Judge David C. Joseph  Magistrate Judge Thomas P. LeBlanc |

**BISHOPS PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR AN INJUNCTION PENDING APPEAL**

# INTRODUCTION

Under this Court's summary judgment, the Bishops are currently "required to provide accommodation" under the text of the Pregnant Workers Fairness Act for "abortions stemming from the underlying treatment of a medical condition related to pregnancy." ECF 114 at 3 n.1. And under the existing terms of the Final Rule, this means the Bishops have a legal duty right now to accommodate any employee, former employee, or job applicant who, for instance, treats a modest case of anxiety by getting an abortion. The Bishops also have a legal duty to change their policies, practices, and statements of faith to reflect this mandatory abortion-accommodation requirement. These legal duties create irreparable harm to the Bishops' statutory and constitutional rights.

To date, all other religious parties that have sought preliminary or permanent injunctive relief are fully protected from being required to accommodate abortions under the PWFA, Defendants' Final Rule, and Defendants' implementing regulations and guidance. *Catholic Benefits Ass'n v. Lucas*, No. 1:24-cv-142, 2025 WL 1144768, at *4 (D.N.D. Apr. 15, 2025) (permanent); *Stanley M. Herzog Found. v. EEOC*, --- F. Supp. 3d ---, 2025 WL 1734470, at *14 (W.D. Mo. Mar. 18, 2025) (preliminary). Defendants have not appealed those injunctions. The Bishops asked Defendants to agree to protection here for the Bishops that would track the relevant terms of the unappealed permanent injunction entered in *Catholic Benefits Association* for other Catholic entities. Defendants declined.

As the Bishops have shown in previous briefing, federal law protects their religious beliefs and practices. The Bishops accordingly respectfully request an injunction pending appeal while they appeal this Court's summary judgment order.

# LEGAL STANDARD

An injunction pending appeal is warranted where plaintiffs show "(1) a strong likelihood of success on the merits; (2) irreparable injury in the absence of an injunction; (3) that the balance of hardships weighs in their favor if injunctive relief is granted; and (4) that the public interest favors such relief." *NAACP v. Tindell*, 95 F.4th 212, 215 (5th Cir. 2024).

1

## ARGUMENT

**I. The Bishops are likely to succeed on the merits.**

    **A. The Bishops are currently required to accommodate abortions in their ministries.**

The Court's summary judgment order does not protect the Bishops from being required to accommodate practices that violate their religious beliefs. Although the Court vacated part of the abortion-accommodation mandate dealing with purely elective abortions, this Court's order "require[s]" the Bishops "to provide accommodation" for "abortions stemming from the underlying treatment of a medical condition related to pregnancy." ECF 114 at 3 n.1; *accord* ECF 113 at 39 n.24. This Court's existing preliminary injunction, ECF 53, does not currently limit that requirement.

The resulting scope of the mandate is substantial, requiring the Bishops to accommodate any abortion other than purely elective ones. EEOC's regulations define (in a non-exhaustive list) "related medical conditions" to include conditions such as antenatal anxiety and depression, gestational diabetes, carpal tunnel syndrome, dehydration, nausea or vomiting, loss of balance, and changes in hormone levels. 29 C.F.R. § 1636.3(b). Such "conditions" can be "modest" or "minor." 29 C.F.R. § 1636.3(a)(2).

Thus, the Bishops are currently "required" to accommodate an employee's abortion if it "stem[s] from the underlying treatment" of conditions such as a minor case of anxiety—or even "changes in hormone levels," which are universal in pregnancy. ECF 114 at 3 n.1; *accord* ECF 113 at 39 n.24; *see also* 29 C.F.R. § 1636.3(a)(2) & (b). The Bishops are also required to change their policies, practices, employment environments, and statements of faith to prevent giving the impression that they would not accommodate such abortions. ECF 77-1 at 3-7 (detailing the requirements on the Bishops' ministries); *see also Herzog Found.*, 2025 WL 1734470, at *4 (applying *Tennessee v. EEOC*, 129 F.4th 452 (8th Cir. 2025), to a religious employer). Any of those actions would burden the Bishops' sincere and undisputed religious beliefs. ECF 77-1 at 5-7 (detailing religious burden).

### B. The Bishops meet the requirements for an injunction pending appeal.

As the Bishops have shown in previous briefing, they are likely to succeed on their challenges to the abortion-accommodation mandate under the PWFA's religious exemption (*see* ECF 11-1 at 15-20; ECF 77-1 at 17-21), the First Amendment's church autonomy doctrine (*see* ECF 77-1 at 21-27), and the Religious Freedom Restoration Act (*see* ECF 11-1 at 20-23; ECF 77-1 at 27-31).

Plaintiffs are also suffering irreparable harm due to their current and ongoing duty to change their policies and practices to accommodate conduct that violates their religious beliefs. *See, e.g.*, *Catholic Benefits Ass'n v. Burrows*, 732 F. Supp. 3d 1014, 1027 (D.N.D. 2024). "[T]he loss of freedoms guaranteed by the First Amendment … and RFRA … constitute per se irreparable harm." *Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 380 (5th Cir. 2022). And, as the Supreme Court reiterated just last month in ordering issuance of a preliminary injunction, those rights are "unquestionably" and irreparably lost when deprived "for even minimal periods of time." *Mahmoud v. Taylor*, 606 U.S. ----, 2025 WL 1773627, at *24 (June 27, 2025) (quoting *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020)).

The irreparable harm is particularly clear here. Forcing Plaintiffs to "endorse non-conforming religious behavior for any period" cannot be remedied with damages; it therefore constitutes irreparable harm. *Braidwood Mgmt., Inc. v. EEOC*, 70 F.4th 914, 932 n.33 (5th Cir. 2023). Because the Bishops adhere to their deeply held religious beliefs, they face substantial potential liability and intrusive investigations from claims by applicants and current and former employees, as well as EEOC enforcement actions. *See* 42 U.S.C. § 2000e-5(b) (allowing single commissioner to initiate charge); 42 U.S.C. §§ 2000gg-2(a)(1), (a)(3) (identifying PWFA remedies); 42 U.S.C. § 2000e-2(a)(1) (stating that applicants and current and former employees can have standing to sue for employment discrimination). The speculative possibility that the Final Rule might eventually be withdrawn is irrelevant, not least because this Court's order roots the mandate in the text of the PWFA statute itself. *See* ECF 114 at 3 n.1; *see also Texas v. EEOC*, No. 2:24-cv-173, 2025 WL 1414332, at *8 (N.D. Tex. May 15, 2025) (possibility of single-commissioner charge established injury in fact despite potential future withdrawal of challenged guidance).

3

Defendants refused to agree to temporary relief here of the same kind that they didn't appeal in indistinguishable circumstances: namely, injunctions protecting identical religious beliefs threatened by the PWFA, the Final Rule, and federal regulations and guidelines. *Catholic Benefits Ass'n*, 2025 WL 1144768; *Herzog Found.*, 2025 WL 1734470. In particular, Defendants have emphasized to the Bishops that EEOC won't agree to forgo issuing the Right to Sue Notices that enable private plaintiffs to enforce abortion-accommodation requirements against the Bishops, since EEOC believes that it is required by statute to issue the notices. *But see* ECF 53 at 32 (barring issuance of right-to-sue notices); *Catholic Benefits Ass'n*, 2025 WL 1144768, at *4 (same); *Herzog Found.*, 2025 WL 1734470, at *14 (same).

Finally, the remaining factors of "harm to the opposing party and weighing the public interest … merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). They favor the Bishops here: "[i]njunctions protecting First Amendment freedoms are always in the public interest." *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 298 (5th Cir. 2012).

## CONCLUSION

The Bishops respectfully request that this Court grant an injunction pending appeal.

Respectfully submitted,

/s/ Daniel H. Blomberg

| | |
|---|---|
| Jonathan Berry | Daniel H. Blomberg |
| (W.D. La. Temporary Bar No. 918121) | (W.D. La. Temporary Bar No. 918117) |
| James R. Conde | *Trial Attorney* |
| (W.D. La. Temporary Bar No. 918116) | /s/ Michael J. O'Brien |
| Boyden Gray PLLC | Michael J. O'Brien |
| 800 Connecticut Ave. NW, Suite 900 | (LA Bar No. 38852) |
| Washington, DC 20006 | Laura Wolk Slavis |
| Phone: (202) 955-0620 | (W.D. La. Temporary Bar No. 918118) |
| Fax: (202) 955-0621 | Andrea R. Butler |
| jberry@boydengray.com | (W.D. La. Temporary Bar No. 918119) |
| | Jordan T. Varberg |
| | (W.D. La. Temporary Bar No. 918120) |
| | The Becket Fund for Religious Liberty |
| | 1919 Pennsylvania Ave. NW, Suite 400 |

4

>Washington, DC 20006
>Phone: (202) 955-0095
>Fax: (202) 955-0090
>dblomberg@becketfund.org

>*Counsel for Bishops Plaintiffs*

Dated: July 15, 2025

## CERTIFICATE OF COMPLIANCE

This memorandum complies with the length limitations of Local Rule 7.8.

/s/ Daniel H. Blomberg
Daniel H. Blomberg
  (W.D. La. Temporary Bar No. 918117)
  *Trial Attorney*
/s/ Michael J. O'Brien
Michael J. O'Brien
  (LA Bar No. 38852)

Dated: July 15, 2025

## CERTIFICATE OF SERVICE

    I hereby certify that on July 15, 2025, the foregoing was served on counsel for all parties via the Court's CM/ECF system.

/s/ Daniel H. Blomberg
Daniel H. Blomberg
  (W.D. La. Temporary Bar No. 918117)
*Trial Attorney*
/s/ Michael J. O'Brien
Michael J. O'Brien
  (LA Bar No. 38852)

Dated: July 15, 2025