UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES CONFERENCE OF CATHOLIC BISHOPS, ET AL** | **CIVIL DOCKET NO. 2:24-cv-00691** |
| | **JUDGE DAVID C. JOSEPH** |
| **VERSUS** | |
| | **MAGISTRATE JUDGE THOMAS P. LEBLANC** |
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ET AL.** | |

# ORDER

Before the Court is the MOTION FOR PRELIMINARY INJUNCTION PENDING APPEAL PER FED. R. APP. P. 8 [Doc. 125] filed by the United States Conference of Catholic Bishops ("USCCB"), the Society of the Roman Catholic Church of the Diocese of Lake Charles ("Diocese of Lake Charles"), the Society of the Roman Catholic Church of the Diocese of Lafayette ("Diocese of Lafayette"), and Catholic University of America ("Catholic University") (collectively, the "Bishops") (the "Motion"). The Motion is opposed by defendants Equal Employment Opportunity Commission and Charlotte Burrows ("EEOC"). [Doc. 131].

On May 21, 2025, this Court entered an order vacating the provision of the EEOC's Final Rule implementing the Pregnant Worker Fairness Act ("PWFA"), 42 U.S.C. § 2000gg, *et seq.*, to the extent that it includes "abortion" as a "related medical condition" of pregnancy and childbirth, as well as all Implementing Regulations or Guidance to the extent that they require or suggest to employers that they are required to provide employees with accommodation for purely elective abortions that

Page **1** of **5**

are not necessary to treat a medical condition related to pregnancy. [Doc. 113]. The Court clarified that its Order did not impact terminations of pregnancy or abortions stemming from the underlying treatment of a medical condition related to pregnancy, as such procedures would be "related to, affected by, or arising out of pregnancy, childbirth, or related medical conditions," 42 U.S.C. § 2000gg(4). On the same date, the Court issued a Rule 54(b) Partial Final Judgment, making the May 21, 2025, Order immediately appealable. [Doc. 114]. In its May 21, 2025, Judgment, the Court expressly retained jurisdiction over all remaining claims and issues not resolved by the Partial Final Judgment, including the Bishops' claims under the First Amendment and the Religious Freedom Restoration Act. *Id.*

On July 15, 2025, the Bishops appealed the Court's May 21, 2025, Order and Rule 54(b) Partial Final Judgment to the Fifth Circuit. On the same date, the Bishops filed the instant Motion in this Court, and a briefing schedule on the Motion was filed by the Court the following day. [Doc. 126]. A few days later, on July 21, 2025, the Bishops filed a second Motion for Injunction Pending Appeal – essentially the same Motion that is pending before this Court – in the Fifth Circuit. *United States Conference of Catholic Bishops, et al v. EEOC, et al.*, Case No. 25-30398 (Fifth Circuit) [Doc. 11]. On August 8, 2025, the Fifth Circuit granted a "limited administrative stay" pertaining only to "footnote 1 of this Court's Order dated March 21, 2025."[1] The

---

[1]   The Court believes that the Fifth Circuit's Order references the Court's May 21, 2025, Order, as there is no district court order dated March 21, 2025. [Doc. 113]. Footnote 1 of the Court's May 21, 2025, Order states:

> To avoid any uncertainty, terminations of pregnancy or abortions stemming from the underlying treatment of a medical condition related to pregnancy are

Motion was forwarded to an oral argument panel on the Fifth Circuit's next available calendar.

In the instant Motion, the Bishops argue that they are currently "required to provide accommodation" under the text of the PWFA for "abortions stemming from the underlying treatment of a medical condition related to pregnancy," and that they have a legal duty to change their policies, practices, and statements of faith to reflect this mandatory abortion-accommodation requirement, all of which creates irreparable harm to the Bishops' statutory and constitutional rights. In both the Motion before this Court and the Motion filed in the Fifth Circuit, the Bishops seek an injunction pending appeal that prevents the EEOC from: (i) interpreting or enforcing the PWFA or its implementing regulations or guidance against the Bishops in a way that would require them to accommodate abortions in violation of their religious beliefs; (ii) initiating investigations against the Bishops regarding allegations that they have not accommodated abortions; and (iii) issuing any Notice of Right to Sue letters based on claims or charges that the Bishops have failed to accommodate abortions.[2]

---

not affected by this Order. Such procedures are clearly "related to, affected by, or arising out of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000gg(4). Covered employers are therefore required to provide accommodation to the extent set forth in the PWFA.

[Doc. 114].

[2]     The EEOC responded to the Bishops' filing in the Fifth Circuit on July 31, 2025 [Case No. 25-30398, Doc. 40], and in this Court on August 14, 2025. [Doc. 131].

Given that the Fifth Circuit has granted the Bishops an administrative stay in connection with the Motion for Preliminary Injunction that is pending in the Fifth Circuit, the question before this Court is whether it is proper for this Court to adjudicate the Motion for Preliminary Injunction pending here. In *In re Fort Worth Chamber of Com.*, the Fifth Circuit stated:

> A notice of appeal from an appealable order divests the district court of jurisdiction over aspects of the case on appeal. The filing of a timely and sufficient notice of appeal transfers jurisdiction over matters involved in the appeal from the district court to the court of appeals. The district court is divested of jurisdiction to take any action with regard to the matter except in aid of the appeal. How broadly a court defines the aspects of the case on appeal depends on the nature of the appeal. But it is clear that [a] district court does not have the power to alter the status of the case as it rests before the Court of Appeals.

100 F.4th 528, 536 (5th Cir. 2024) (internal footnotes and citations omitted). Although this Court has not yet adjudicated and has expressly retained jurisdiction over the Bishops' First Amendment and religious liberty claims, it is clear that any action by this Court with respect to the pending Motion is inextricably intertwined with matters pending before the Fifth Circuit and that a ruling by this Court would likely "alter the status of the case as it rests before" the Fifth Circuit. Considering the foregoing,

IT IS ORDERED that the MOTION FOR PRELIMINARY INJUNCTION PENDING APPEAL PER FED. R. APP. P. 8 [Doc. 125] filed by the Bishops is STAYED pending resolution of the matters pending before the Fifth Circuit or further order of this Court.

THUS, DONE AND SIGNED in Chambers on this 18th day of August 2025.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE