# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2025

Lyle W. Cayce
Clerk

---

No. 25-30398

---

United States Conference of Catholic Bishops; Society of Roman Catholic Diocese of Lake Charles; Society of the Roman Catholic Church of the Diocese of Lafayette; Catholic University of America,

*Plaintiffs—Appellants*,

*versus*

Equal Employment Opportunity Commission; Andrea R. Lucas,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:24-CV-691

---

ORDER:

On May 21, 2025, the district court granted partial summary judgment to the Bishops (Plaintiffs–Appellants). Despite this "victory," the Bishops appealed, construing the court's order as modifying its earlier preliminary injunction and endangering their religious beliefs. At the same time as their appeal, the Bishops sought a stay pending appeal in the district court and asked the court to resolve the motion on an expedited basis without briefing. Instead, the district court sua sponte set an extended briefing schedule, giving

the government more than twice the response time provided by the local rules. In response, the Bishops bypassed the district court and sought a stay pending appeal from our court. A motions panel granted an administrative stay as to the contested language of the district court's order and referred the motion to us. Shortly thereafter, the district court concluded that the Bishops' notice of appeal deprived it of jurisdiction to act on their pending stay motion.

The Federal Rules are clear: a "party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal." FED. R. APP. P. 8(a)(1). To seek the same relief in a court of appeals, the party must show either (1) the district court denied the motion, or (2) moving first in the district court "would be impracticable." FED. R. APP. P. 8(a)(2).

The Bishops' stay-pending-appeal motion in the district court has not been denied. Although the Bishops filed it before asking us for relief, it remains unresolved. We do not think a pro forma filing in the district court—without a ruling—satisfies the requirements of Rule 8(a)(1). *See Rhone v. City of Texas City*, No. 22-40551, 2022 WL 4310058, *1 (5th Cir. Sept. 19, 2022) (dismissing without prejudice a stay-pending-appeal motion where the movant filed in district court but that court had not ruled).

That leaves impracticability. The Bishops never invoke impracticability directly, but they do assert they had "exhausted all options" before coming to us. That could be read as an impracticability argument. We certainly recognize the grave First Amendment interests at stake. But the possibility of constitutional injury, standing alone, does not override Rule 8(a)(1)'s explicit requirement—and the Bishops do not suggest otherwise. Instead, they argue that impracticability arose because the district court imposed an extended briefing schedule. We are sympathetic to that concern.

Stay requests should be resolved expeditiously, especially when constitutional rights are imperiled. *Cf. Watson v. City of Memphis*, 373 U.S. 526, 539 (1963) ("constitutional rights are to be promptly vindicated"). Still, impracticability under Rule 8(a)(2) requires more. Having the district court address arguments first is a "basic feature of our judicial hierarchy" that preserves "the law-declaration function that is necessarily incident to our appellate review." *Utah v. Su*, 109 F.4th 313, 319–20 (5th Cir. 2024). The Bishops have not claimed they face an imminent abortion-accommodation charge during the short time it would take for the district court to rule, nor that any employee has sought such an accommodation.[1] If that changes, they are free to renew their motion and expressly invoke impracticability.

We also recognize that the district court declined to act, citing lack of jurisdiction. That concern is misplaced. While a notice of appeal usually divests the district court of jurisdiction over the matters on appeal, we have explained that "the district court retain[s] jurisdiction to grant [an] appellant's request for a stay despite the fact that a notice of appeal to this Court was filed prior to the request for a stay." *Matter of Miranne*, 852 F.2d 805 (5th Cir. 1988). The district court therefore has jurisdiction to resolve the Bishops' motion; indeed, it must do so "consistent with the general principle that an application for a stay of the judgment or order of a district court should ordinarily be made in the first instance in the district court." *Id.* (quoting FED. R. APP. P. 8(a)).

In sum, the Bishops have not shown that waiting for the district court's ruling would be impracticable. Consistent with Rule 8(a) and our role

---

[1] To be clear, we are not prejudging the issue of irreparable harm. Whether a party has shown irreparable harm sufficient to warrant injunctive relief is a separate inquiry from whether a party has demonstrated sufficient urgency to invoke impracticability under Rule 8(a)(2).

as a court of *re*view, not first view, we leave the Bishops' request for the district court to address in the first instance. That said, we urge the district court to resolve the motion as expeditiously as possible and to consider whether, in light of the extended briefing schedule, it should grant an administrative stay—akin to the one issued by our motions panel—pending its decision. In the meantime, we retain jurisdiction over this appeal, concurrent with the district court, but defer further consideration until the district court has ruled.

IT IS ORDERED that the administrative stay pertaining to footnote 1 of the district court's Order is LIFTED, and that the Bishops' motion for a stay pending appeal is DENIED WITHOUT PREJUDICE.

LYLE W. CAYCE, CLERK
United States Court of Appeals
for the Fifth Circuit
/s/ Lyle W. Cayce
ENTERED AT THE DIRECTION OF THE COURT

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

August 25, 2025

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

No. 25-30398 US Conf of Catholic Bishops v. EEOC
USDC No. 2:24-CV-691

Enclosed is an order entered in this case.

Sincerely,

LYLE W. CAYCE, Clerk

By: Roeshawn Johnson
Roeshawn Johnson, Deputy Clerk
504-310-7998

Mr. Daniel Howard Blomberg
Ms. Andrea Butler
Mr. James Conde
Mr. Benjamin Fleshman
Mr. Daniel J. McCoy
Ms. Urja Mittal
Ms. Rachel N. Morrison
Mr. Michael Joseph O'Brien
Ms. Lea E. Patterson
Mr. Jacob S. Siler
Ms. Laura Elizabeth Wolk Slavis
Mr. Jack Starcher
Mr. Jordan Varberg