**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION**

| | |
|---|---|
| UNITED STATES CONFERENCE OF CATHOLIC BISHOPS, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., <br><br> *Defendants.* | No. 2:24-cv-691-DCJ-TPL <br><br> Judge David C. Joseph <br><br> Magistrate Judge Thomas P. LeBlanc |

**BISHOPS PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF THEIR RENEWED MOTION FOR PARTIAL SUMMARY
JUDGMENT AND PERMANENT INJUNCTION OR, IN
THE ALTERNATIVE, PRELIMINARY INJUNCTION**

The Bishops respectfully submit this notice regarding *Union Gospel Mission of Yakima v. Brown*, No. 24-7246, 2026 WL 32636 (9th Cir. Jan. 6, 2026). There, the Ninth Circuit held that the church autonomy doctrine protects a religious institution's right to make "'a personnel decision based on religious doctrine'—even decisions involving non-ministers." *Id.* at *11 (quoting *Bryce v. Episcopal Church*, 289 F.3d 648, 660 (10th Cir. 2002)); *accord McRaney v. N. Am. Mission Bd.*, 157 F.4th 627, 641 (5th Cir. 2025) (approvingly relying on *Bryce*).

In *Union Gospel*, a religious organization brought a pre-enforcement challenge seeking a preliminary injunction against Washington's law prohibiting employment discrimination based on certain characteristics, including sexual orientation and gender identity. *Id.* at *4. The religious organization required its employees to follow its religious teachings, including those regarding sexuality that conflicted with Washington's law. *Id.* at *3-4. The Ninth Circuit held that applying Washington's law against the religious plaintiff would likely violate the First Amendment's church autonomy doctrine, which "protects religious institutions' independence in matters of faith and doctrine," as well as "internal governance." *Id.* at *7, *8-9.

The court explained that such protected matters include a religious institution's policies that prevent its "own employees from openly undermining its religious message" by engaging in what it believes are "sinful habits or behaviors." *Id.* at *8. Indeed, "[i]f a religious institution sincerely believes that its non-ministerial employees must adhere to and live according to its religious principles to accomplish its religious mission, the only way a court could adjudicate a dispute for a plaintiff would be to rule that the religious institution cannot seek that 'mission' or that the hiring policy isn't necessary to that 'mission'—inherently religious questions." *Id.* at *9. Thus, religious organizations must be allowed "to condition employment, even non-ministerial employment, on subscription to particular religious tenets." *Id.* at *9 (cleaned up).

The Ninth Circuit also emphasized that this was not a novel principle. Rather, the right to make religiously motivated employment decisions "is already protected under Title VII" and most other nondiscrimination laws nationwide. *Id.* at *2. Washington's law was an unconstitutional outlier.

The protections of the church autonomy doctrine and Title VII's religious exemption (as incorporated in the PWFA) apply with equal force in this case. *See* ECF 133-1 at 16-21. Both protect the Bishops' right to require employees to abide by Catholic teachings regarding the use of contraception, sterilization, and objectionable fertility treatments. *See Union Gospel*, 2026 WL 32636, at *6. By forcing the Bishops to retain employees who engage in these practices, and by altering the internal governance of the Bishops' ministries, the Final Rule violates the Bishops' First Amendment "right 'to shape [their] own faith and mission.'" *Id.* (quoting *Hosanna-Tabor v. EEOC*, 565 U.S. 171, 188 (2012)). Moreover, the Final Rule's outlier interpretation of Title VII's and the PWFA's religious exemption must be "set aside" as plainly inconsistent with the statutory text. 5 U.S.C. § 706(2); *see* ECF 133-1 at 11-13. Finally, the right time to protect those rights—as recognized in *Union Gospel* and *McRaney*—is at the threshold of a case, not after potential liability has already accrued and entangling investigations already commenced. *See Union Gospel*, 2026 WL 32636, at *4-5, *13-14 (affirming preliminary injunction in pre-enforcement challenge); ECF 153 at 3-5.

Respectfully submitted,

James R. Conde
  (W.D. La. Temporary Bar No. 918116)
Boyden Gray PLLC
800 Connecticut Ave. NW, Suite 900
Washington, DC 20006
Phone: (202) 955-0620
Fax: (202) 955-0621
jconde@boydengray.com

/s/ Daniel H. Blomberg
Daniel H. Blomberg
  (W.D. La. Temporary Bar No. 918117)
*Trial Attorney*
/s/ Michael J. O'Brien
Michael J. O'Brien
  (LA Bar No. 38852)
Laura Wolk Slavis
  (W.D. La. Temporary Bar No. 918118)
Andrea R. Butler
  (W.D. La. Temporary Bar No. 918119)
Jordan T. Varberg
  (W.D. La. Temporary Bar No. 918120)
Benjamin A. Fleshman
  (W.D. La. Temporary Bar No. 918541)
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
Phone: (202) 955-0095
Fax: (202) 955-0090
dblomberg@becketfund.org

*Counsel for Bishops Plaintiffs*

Dated: January 15, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2026, the foregoing was served on counsel for all parties via the Court's CM/ECF system.

/s/ Daniel H. Blomberg
Daniel H. Blomberg
  (W.D. La. Temporary Bar No. 918117)
  *Trial Attorney*

/s/ Michael J. O'Brien
Michael J. O'Brien
  (LA Bar No. 38852)

Dated: January 15, 2026